**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAMES B. BRYANT,

*Plaintiff,*

v.

U.S. DEPARTMENT OF THE NAVY,

*Defendant*.

Civil Action No. 19-2004 (TNM)

**ANSWER**

Defendant, U.S. Department of the Navy ("Defendant" or "the Navy"), by and through undersigned counsel, hereby answers Plaintiff James B. Bryant's Complaint as follows:

**FIRST DEFENSE**

Defendant has not improperly withheld any records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff is not entitled to costs in this action.

**RESPONSES TO NUMBERED PARAGRAPHS**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or another action; and (c) are admissible in this, or any other, action.

Defendant denies each allegation contained in the Complaint, except as hereinafter expressly admitted. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. The allegations in this paragraph set forth Plaintiff's statement of jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of foia.

2. The allegations in this paragraph set forth Plaintiff's statement of venue to which no response is required. To the extent a response is deemed required, Defendant admits that this District is a proper venue for this action.

3. The allegations in this paragraph characterize Plaintiff's personal history and his interest in the USS *Thresher*. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the Plaintiff's characterizations.

4. Admit that the Department of the Navy is an agency within the meaning of 5 U.S.C. § 552(f) and is in possession and control of the USS *Thresher* collection of records; however, Defendant lacks knowledge or information sufficient to form a belief as to whether the Navy is in possession and/or control of the particular records Plaintiff sought through his FOIA request.

5. The allegations in this paragraph describe Plaintiff's Complaint and his FOIA request, and Defendant respectfully refers the Court to Plaintiff's Complaint and FOIA request for a complete and accurate description of their contents.

6. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

7. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

8.      The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

9.      The allegations contained in this paragraph and its subparagraphs do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

10.      Admit that the Navy has previously declassified, redacted, and made available portions of the USS *Thresher* Navy Court of Inquiry reports. The redacted records made available speak for themselves and Defendant respectfully refers the Court to the records for a complete and accurate description of their contents. Defendant denies any characterization of the records that is inconsistent with their contents.

11.      The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

12.      The allegations in this paragraph characterize Plaintiff's Complaint, and Defendant respectfully refers the Court to the Complaint for a complete and accurate description of its contents.  Defendant denies any characterization of the Complaint request that is inconsistent with its contents.

13.      The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

14.      Defendant re-alleges and incorporates by reference all of the forgoing answers to the Complaint as though fully set forth herein.

15.      Defendant admits that Plaintiff submitted a FOIA request on April 8, 2019, and respectfully refers the Court to the letter for a complete and accurate description of its contents. Defendant denies any characterization of the letter that is inconsistent with its contents.

16.     The allegations contained in this paragraph and its subparagraphs describe Plaintiff's FOIA request, which Defendant admits that it received on April 8, 2019.  Defendant respectfully refers the Court to the FOIA request for a complete and accurate description of its contents.  Defendant denies any characterization of the FOIA request that is inconsistent with its contents.

17.     The allegations in this paragraph characterize Plaintiff's FOIA request of April 8, 2019, and Defendant respectfully refers the Court to the letter for a complete and accurate description of its contents.  Defendant denies any characterization of the letter that is inconsistent with its contents.

18.     The allegations in the first sentence of this paragraph characterize Plaintiff's FOIA request of April 8, 2019, which speaks for itself, and Defendant respectfully refers the Court to the letter for a complete and accurate description of its contents.   Defendant denies any characterization of the letter that is inconsistent with the contents.   The allegations in sentences two and three of this paragraph consist of conclusions of law and do not require a response.  To the extent a response is required, deny.

19.     The allegations contained in this paragraph and its subparagraphs do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

20.     Defendant admits to the accuracy of the tracking number detailed in this paragraph.  Defendant otherwise lacks sufficient information to admit or deny the alleged an email response to Plaintiff on or about April 4, 2019.  To the extend this email exists, Defendant respectfully refers the Court to the email for a full and complete statement of its contents.  Defendant denies any characterization of the email that is inconsistent with its contents.

4

21.     The allegations contained in this paragraph characterize an April 18, 2019, e-mail communication between Plaintiff and Defendant, and Defendant respectfully refers the Court to the email for a full and complete statement of its contents. Defendant denies any characterization of the e-mail that is inconsistent with the contents.

22.     The allegations contained in this paragraph characterize an April 18, 2019, e-mail communication between Plaintiff and Defendant, and Defendant respectfully refers the Court to the email for a full and complete statement of its contents. Defendant denies any characterization of the e-mail that is inconsistent with the contents.

23.     Admit.

24.     The allegations contained in this paragraph characterize a May 3, 2019, e-mail and Defendant respectfully refers the Court to the email for a full and complete statement of its contents. Defendant denies any characterization of the e-mail that is inconsistent with the contents.

25.     Defendant has insufficient information to admit or deny Plaintiff's allegations with respect to the timing of the letter referenced in this paragraph. Defendant otherwise respectfully refers the Court to Navy Instruction (SECNAVINST) 5720.42G, for a full and complete statement of its contents. Defendant denies any characterization of Navy Instruction 5720.42G that is inconsistent with the contents.

26.     The allegations contained in this paragraph characterize an email of June 11, 2019. Defendant respectfully refers the Court to the email for a full and complete statement of its contents. Defendant denies any characterization of the e-mail that is inconsistent with the contents. Deny the remainder of the allegations in this paragraph, which state conclusions of law and do not require a response. To the extent a response is required, deny.

27.     Deny the first sentence of this paragraph, which contains conclusions of law and does not require a response.  Admit that at the filing of the Complaint, Naval History and Heritage Command had not released any requested records to Plaintiff.  The allegations in the third sentence of this paragraph characterize a letter from Defendant to Plaintiff, and Defendant respectfully refers the Court to the letter for a full and complete statement of its contents. Admit that at the time of the filing of the Complaint, Defendant had not advised Plaintiff of referrals to other agencies or agency components.

28.     This paragraph contains conclusions of law to which no response is required.  To the extent that a response is deemed necessary, deny. This paragraph also contains allegations regarding Plaintiff's FOIA appeal letter of June 5, 2019, which speaks for itself, and Defendant respectfully refers the Court to the letter for a full and complete description of its contents.  Deny that the June 5, 2019, appeal exhausted administrative remedies for fee waivers and/or reductions and aver that Plaintiff failed to request review or relief for this issue in his prior administrative appeal.

The remaining paragraph constitutes a prayer for relief to which no answer is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Dated:  August 5, 2019                Respectfully Submitted,

                                      JESSIE K. LIU
                                      D.C. Bar # 472845
                                      United States Attorney


                                      DANIEL F. VAN HORN
                                      D.C. Bar # 924092
                                      Chief, Civil Division


                                      By: */s/ Joshua L. Rogers*
                                      JOSHUA L. ROGERS
                                      Assistant United States Attorney
                                      555 4th Street, N.W.
                                      Washington, D.C. 20530
                                      Tel: (202) 252-2578
                                      Joshua.Rogers3@usdoj.gov